IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>    Plaintiff,<br><br>vs.<br><br>BRAD HANSEN, DOUG PETERSON, Nebraska Attorney General; and PETE RICKETTS, Nebraska Governor;<br><br>    Defendants. | **8:19CV59**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Plaintiff Dukhan Mumin's "Response to Show Cause." (Filing No. 9.) For the reasons explained below, the court will dismiss this action without prejudice.

## I. BACKGROUND

  Plaintiff is currently confined at the Tecumseh State Correctional Institution and serving a sentence of 10 to 20 years' imprisonment as a result of a conviction from the District Court of Lancaster County, Nebraska for possession of cocaine with the habitual offender enhancement. (Filing No. 1 at CM/ECF p. 1, ¶ 1.) Plaintiff has challenged this same judgment of conviction in earlier federal habeas corpus litigation, and the court takes judicial notice of the records in those cases. *See Mumin v. Frakes*, Case No. 4:16CV3033, Filing No. 52 (D. Neb.) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice); *Mumin v. Hansen*, Case No. 4:17CV3164, Filing No. 14 (D. Neb.) (dismissing § 2254 petition as successive); *Mumin v. Hansen*, Case No. 4:17CV3169, Filing No. 12 (D. Neb.) (same); *Mumin v. Hansen*, Case No. 4:18CV3015, Filing No. 7 (D. Neb.) (same); *Mumin v. Hansen*, Case No. 8:18CV102, Filing No. 9 (D. Neb.) (same).

On January 31, 2019, Plaintiff filed a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201, seeking a declaration that Neb. Rev. Stat. §§ 29-2221, 83-1,107, and 83-1,110 are unconstitutional both facially and as applied to him. (Filing No. 1.) Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on February 15, 2019. (Filing No. 5.)

On February 22, 2019, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. (*See* Filing No. 7.) The court has previously determined that three or more federal cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Mumin v. McLaughlin, et al.*, Case No. 8:17CV100 (D.Neb.) (Filing No. 6, March 27, 2017 Memorandum and Order identifying "three strikes"). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. 1915(g). Plaintiff responded to the court's order on March 7, 2019. (Filing No. 9.)

## II. DISCUSSION

In his response to the court's show-cause order, Plaintiff argues he should be able to proceed IFP in this action because this case "does [not] fall within the meaning of a civil action under 28 U.S.C. 1915(g), because this does not concern the conditions of confinement." (Filing No. 9.) Plaintiff requests an additional fifteen days to pay the filing fee if he "is forced to pay the full fee in spite of that." (*Id*.)

Plaintiff's assertion that his declaratory judgment action is not a "civil action" within the meaning of 28 U.S.C. § 1915(g) lacks merit and is contrary to the plain language of the statute. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A "civil action" is not limited to only those actions that challenge a prisoner's conditions of confinement. Indeed, courts have consistently applied the provisions of section 1915 to all manner of civil actions brought by prisoners, including declaratory judgment actions. *See, e.g.*, *United States v. Jones*, 215 F.3d 467 (4th Cir. 2000) (prisoner's post-conviction motion for the return of property is a "civil action" for purposes of provision of PLRA requiring that a prisoner who brings a civil action or appeal must pay the full filing fee; that provision is not limited to prisoner civil rights cases); *In re Tyler*, 110 F.3d 528 (8th Cir. 1997) (applying § 1915(g) three strikes provision of PLRA to state prison inmate's mandamus petition arising from ongoing civil rights lawsuit against prison officials); *Hill v. City of St. Louis*, No. 4:14CV1813 RWS, 2015 WL 224998, at *1 (E.D. Mo. Jan. 15, 2015) (assessing initial partial filing fee pursuant to 28 U.S.C. § 1915(b) in prisoner's action for declaratory judgment pursuant to 28 U.S.C. § 2201); *Boccio v. Am. Bible Soc.*, 637 F. Supp. 2d 65 (D. Mass. 2009) (inmate proceeding IFP in breach of contract action was not exempted from paying filing fee pursuant to PLRA and 28 U.S.C. § 1915, where inmate's claim did not concern prison conditions); *Adamson v. Schwarz*, No. 3:09CV49, 2009 WL 928699, at *2 (N.D. Fla. Apr. 2, 2009) (dismissing plaintiff prisoner's action for declaratory relief, filed pursuant to 28 U.S.C. § 1651, under "three strikes" provision of PLRA).

Because 28 U.S.C. § 1915(g) applies to Plaintiff's declaratory judgment action, the court must consider whether Plaintiff has demonstrated he "is under imminent danger of serious physical injury." Plaintiff's response contains no argument or facts to suggest he faces any threat of injury, nor do the allegations of Plaintiff's Complaint support a finding of imminent physical harm as required by §

1915(g). Plaintiff effectively concedes a lack of imminent harm and, instead, seeks additional time in which to pay the court's filing fee. However, the court finds it unnecessary to grant Plaintiff's request for an extension as Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Here, Plaintiff claims the habitual offender statute, Neb. Rev. Stat. § 29-2221, and the statutes relating to calculation of a prisoner's good time, Neb. Rev. Stat. §§ 83-1,107 and 83-1,110, violate due process, equal protection, separation of powers, the Sixth Amendment, and the Ex Post Facto Clause, among others. Essentially, Plaintiff claims his conviction and sentence under these statutes were unconstitutional because he had no notice that he would not receive good time towards his mandatory minimum habitual offender sentence and the habitual offender statute impermissibly allows the trial court to determine facts that increase an offender's punishment. Plaintiff has presented similar claims in several of his

4

prior habeas actions, all of which were dismissed due to Plaintiff's failure to seek authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition. (*See, e.g.*, [Filing No. 77](), Case No. 4:16CV3033; [Filing No. 14](), Case No. 4:17CV3164; [Filing No. 12](), Case No. 4:17CV3169; [Filing No. 7](), Case No. 4:18CV3015; [Filing No. 9](), Case No. 8:18CV102).

Rather than seeking permission to attack his state conviction directly, through a successive habeas, Plaintiff invokes the Declaratory Judgment Act, [28 U.S.C. § 2201](), and seeks to accomplish indirectly what he is prohibited from doing directly. The law is well-established that a prisoner cannot seek a declaratory judgment under [28 U.S.C. § 2201]() as to the validity of a state court judgment which he is engaged in serving. *[Christopher v. State of Iowa, 324 F.2d 180, 181 (8th Cir. 1963)]()*. "Any declaration that the criminal statute under which Plaintiff was convicted is invalid would equate to a review of the judgment." *[Halfacre v. Arkansas, No. 4:11CV00138 JMM, 2011 WL 1042291, at *1 (E.D. Ark. Mar. 21, 2011)]()* (citing *[Jones v. Missouri, Case No. 1:08CV38, 2008 WL 2020318 at *4 (E.D.Mo. May 7, 2008)]()* (unpublished opinion) (declaratory decree that judgment was invalid because plaintiff was deprived of a right to a fair trial due to state statute would be a review and revision of judgment)). Such review is limited to the habeas sections of Title 28 of the United States Code, which Plaintiff has already pursued. *See, e.g.*, *[Calderon v. Ashmus, 523 U.S. 740, 747 (1998)]()* ("The disruptive effects of [a declaratory] action ... are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.") Thus, Plaintiff's only remedy in federal district court is habeas corpus, and he is subject to the strictures under the Antiterrorism and Effective Death Penalty Act ("AEDPA") relating to second or successive habeas petitions. *See* [28 U.S.C. § 2244(b)]().

Accordingly, the court concludes that Plaintiff has failed to state a cognizable claim under the Declaratory Judgment Act and his complaint must be dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis ([filing no. 5](#)) and motion for an extension to pay the filing fee ([filing no. 9](#)) are denied.

2. This case is dismissed with prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 20th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge